## W. T. HALL ET AL. v. W. C. HUFFHINES.

### Decided October 23, 1907.

**1.—Stake-Holder—Deposit—Forfeiture.**

Where plaintiff deposited money as a forfeit if he failed to complete a purchase of land contracted for under an agreement by the seller to furnish a good and sufficient deed and abstract of title, he was entitled to recover the same from the stakeholder where the seller failed to comply with such undertaking.

**2.—Vendor and Purchaser—Rents.**

One who, on his undertaking to purchase land, on representations that the vendor had good title, received possession and leased same to a tenant. after which he failed to complete the purchase because of defects in the title, was not liable for the rents where he had received none from the tenant and had, on abandoning the trade, instructed the seller to look to the tenant for the rents.

Appeal from the County Court of Johnson County. Tried below before Hon. J. D. Goldsmith.

*Davis & Davis,* for appellants.

*Walker & Baker,* for appellee.

KEY, ASSOCIATE JUSTICE.—This suit originated in a justice of the peace court, but was finally tried in the County Court. The plaintiff Huffhines sued W. T. Hall & Company to recover $100 held by them as stakeholders. Hall & Co. impleaded the First National Bank of Amarillo and W. H. Fuqua. Fuqua asserted no right to the money, but the bank did, alleging that the plaintiff had forfeited his right thereto by failure to comply with a contract for the purchase of certain real estate belonging to the bank. The bank also filed a cross-action claiming $150 as rent of the land while in possession of the plaintiff.

The case was tried by the court without a jury, and judgment rendered for Huffhines for the $100, and against the bank on its cross-action. That judgment is complained of in several respects, but we have reached the conclusion that the objections to it are untenable.

The contract for the sale of the land was in writing, and was a contract between W. H. Fuqua and the plaintiff Huffhines for the sale of the land by the former to the latter. The bank was not a party to the contract; however, we do not rest our decision of the case upon that point. While the contract stipulated that the the $100 delivered by the plaintiff to Hall & Company was to be forfeited if he failed to comply with his part of the contract, it also stipulated that Fuqua was to furnish him a good and sufficient deed and abstract of title to the land. There was a failure to comply with that stipulation, and, for that reason, Huffhines was entitled to the $100 held by Hall & Company.

As to the other branch of the case, while it is true that Huffhines,

soon after the contract was made, rented the land to one Dotty, there was evidence sufficient to show that he was induced to pursue that course by the positive assurance of Hall & Company that the title was good; and when the abstract was furnished and showed the contrary, he carried the tenant to Hall & Company and, in effect, told them to look to the tenant for rents· and received no part · of them himself. The land was rented on shares, and the testimony shows that the tenant harvested the landlord's portion and left it upon the farm, and that Hall & Company took possession of the farm - and soon after sold it for the bank. Not having received any of the rents himself, and having been induced to make the rental contract by the assurance of Hall & Company, the bank's agents, that the title was good, we do not think the plaintiff should be held liable to the bank for the rents.

No reversible error has been pointed out and the judgment is affirmed.

*Affirmed.*